IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD J. VEY, JR., *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMAZON.COM, *et al*, <br><br> *Defendants*. | Civil Action No. 2:23-cv-2055 <br><br> Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

William S. Stickman IV, United States District Judge

### I. INTRODUCTION

Plaintiff Howard J. Vey, Jr. ("Vey") sued a number of defendants[1] to recover for injuries that he allegedly received when the tree stand manufactured or sold by defendants failed. (ECF No. 1, pp. 4-5). In his complaint ("Complaint"), Vey asserts claims against Defendant Amazon.com ("Amazon") for negligence (Count II), Strict Liability/Res Ipsa Loquitur Failure to Warn, Design & Manufacturing Defect (Count III), Breach of Express Warranty (Count IV); Breach of Express and Implied Warranty of Merchantability and/or Breach of Warranty of Fitness for a Particular Purpose (Count V); Violations of Pennsylvania's Unfair Trade Practice and Consumer Protection Law ("UTPCPL") (Count VI); and Unjust Enrichment (Count VII). (*Id.* at pp. 7, 11, 14, 19, 21, 22, 26). Before the Court is Amazon's Motion to Dismiss ("Motion") Counts IV, V, VI, and VII of Vey's Complaint. (ECF No. 7). For the reasons set forth below, the Court will grant in part and deny in part Amazon's Motion.

---

[1] Vey named as defendants Amazon.com; Alliance Outdoor Group, Inc. d/b/a/ X-Stand Tree Stands; Sportsman's Guide, LLC, and Sportsman's Guide Outlet, LLC. (ECF No. 1, p. 1).

1

## I.  FACTUAL BACKGROUND

For the purposes of deciding this Motion, the Court will focus only on the factual allegations in the Complaint pertinent to Amazon. Vey asserts that he purchased a tree stand from Amazon. (ECF No. 1, p. 4). Vey alleges that he was seriously injured while climbing the tree stand when one of its straps snapped, causing him to fall and hang from another strap. (*Id.* at p. 5).

## II.  STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable

inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III. ANALYSIS

**A. Vey's express warranty claims as to Counts IV and V will not be dismissed.**

At Count IV of the Complaint, Vey pleads a claim of breach of express warranty against Amazon (and all other defendants). (ECF No. 1, pp. 19-21). At Count V, he pleads a violation of the express warranty of merchantability. (*Id.* at pp. 21-22). Vey pleads that "the Defendants expressly warranted that each product was safe and fit for use by consumers, hunters, and the general public[,] that it was of merchantable quality, that its usage wouldn't cause severe or serious injuries, and that the products were adequately tested and fit for their intended use." (*Id.* at pp. 19, 21). Amazon argues that the express warranty claims at each count must be dismissed because Vey has not adequately pled any express warranty. (ECF No. 7-3, p. 3). Rather, Amazon contends that Vey only alleges generalized statements that the product was safe, which is insufficient to support an express warranty claim. (*Id.* at p. 5). Amazon also argues that Vey has not specified any warranties it specifically made. (*Id.*).

Vey disagrees. He argues that he has adequately pled both that express warranties were made and that Amazon made them. (ECF No. 18, p. 4). More significantly, Vey also contends that the tree stand in question has been removed from Amazon's website and, therefore, Amazon has exclusive possession of information concerning the precise content of the warranties. (*Id.*). In other words, Vey alleges he cannot point to the specific representations that Amazon made because he does not have access to them. (*Id.*).

3

At this stage, the Court will allow Vey's claims for breach of express warranties to proceed to discovery. The Court will reserve for another day, after a fulsome factual record is developed, whether Amazon made actionable express warranties. The Motion will be denied as to Vey's express warranty claims in Counts IV and V.

### B.   Vey's claim for breach of the implied warranty for a particular purpose will be dismissed with prejudice.

Count V of the Complaint also alleges (in addition to a breach of express warranty) a violation of the implied warranty of fitness for a particular purpose. (ECF No. 1, pp. 21-22). Amazon argues that this claim must be dismissed because the tree stand was used for its general purpose. (ECF No. 7-3, p. 6). It contends that Vey only pleads that he used the tree stand for its intended ordinary purpose—as a hunting tree stand. (*Id.* at p. 7). Amazon further argues that Vey pled no particular use that would implicate a warranty of fitness for a particular purpose. (*Id.*).

An implied warranty of fitness for a particular purpose arises when "the seller at the time of contracting has reason to know: (1) any particular purpose for which the goods are required; and (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods[.]" 13 PA. STAT. AND CONS. STAT. ANN. § 2315; *see also Gall ex rel. Gall v. Allegheny Cty. Health Dep't*, 555 A.2d 786, 790 (Pa. 1989). It is well-settled that a product's "particular purpose" is distinct from its "ordinary purpose." *See, e.g., Gall*, 555 A.2d at 790; *Visual Commc'ns, Inc. v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 611 F. Supp. 2d 465, 471 (E.D. Pa. 2009) (explaining the specific meaning of the term "particular purpose" and how that distinguishes the warranty of implied fitness from the implied warranty of merchantability); *see also Morello v. Kenco Toyota Lift*, 142 F. Supp. 3d 378, 389 (E.D. Pa. 2015) (same). Namely, under Pennsylvania law,

4

> [a] particular purpose differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

*Gall*, 555 A.2d at 790 (citation and internal quotation marks omitted). In other words, a product's ordinary purpose relates to the implied warranty of merchantability of a product, whereas an implied warranty for fitness for a particular purpose necessarily involves something beyond a product's ordinary purpose. *See id.*

To use the analogy offered by the Pennsylvania Supreme Court in *Gall*, this is a case where the "shoes [were] used for the purpose of walking upon ordinary ground." *Id.* at 790. They were not used "for climbing mountains." *Id.* Here, the Complaint alleges that Vey purchased the tree stand for hunting purposes only. This is the general, ordinary purpose of a tree stand. Additionally, Vey used the tree stand only for hunting purposes. Accordingly, the Motion as to Vey's claim for a breach of warranty of fitness for a particular purpose at Count V will be granted.

### C. Vey's claim under the UTPCPL will be dismissed with prejudice.

Count VI of Vey's Complaint alleges that Amazon violated the UTPCPL by engaging in unfair and deceptive acts or practices in the way that it marketed and sold the tree stand that allegedly caused Vey's injuries. (ECF No. 1, pp. 22-26). Vey pleads:

> 112. The Defendants unfair methods of competition or deceptive acts or practices that were proscribed by law include all of the following:
>
> > i. Representing that goods or services have characteristics, ingredients, uses, benefits, or quantities that they do not have as in *i.e.*, selling the deceptive product as a Hunting Tree Stand capable of performing as such.

5

> ii.   Advertising goods or services with the intent not to sell them as advertised [as in *i.e.,*] selling the defective product as a Hunting Tree Stand capable of performing as such; and

> iii.   Engaging in fraudulent or deceptive conduct that creates a likelihood of confusion and/or misunderstanding as in *i.e.*, failure to notify or warn the Plaintiff of the recall or defective condition of the Hunting Tree Stand after recall and continuing to manufacture, advertise and/or sell these defective Hunting Tree Stands to consumers and the Plaintiff alike.

(ECF No. 1, p. 23) (emphases added).

Amazon argues that Vey's UTPCPL claim must fail because the UTPCPL does not permit recovery for personal injury damages. (ECF No. 7-3, p. 7). The Court agrees. The UTPCPL is geared toward redressing economic harm caused by fraudulent or deceptive trade practices. It provides:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes **and thereby suffers any ascertainable loss of money or property**, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this Act, may bring a private action to recover actual damages or … [$100], whichever is greater.

73 PA. STAT. AND CONS. STAT. ANN. § 201-9.2(a) (emphasis added). Personal injury claims are not permitted under the UTPCPL. *Arndt v. Johnson & Johnson*, 67 F. Supp. 3d 673, 682 (E.D. Pa. 2014) (citation omitted); *see also King v. Hyundai Motor Mfg. Am.*, No. 1:18-CV-450, 2019 WL 458477, *1, *3 n. 2 (M.D. Pa. Jan. 3, 2019) ("The statute does not provide for the recovery of emotional distress or personal injury damages, and such damages do not fall within the statute's authorization of recovery for 'ascertainable loss of money or property….'"); *Krisa v. Equitable Life Assurance Soc'y*, 113 F. Supp. 2d. 694, 706-07 (M.D. Pa. 2000).

Vey's Complaint, including Count VI, seeks damages relating to the personal injuries that he received. It does not seek the type of economic damages contemplated by the UTPCPL. The UTPCPL, which is a remedial statute designed to provide redress for economic harm caused by

6

unfair and deceptive practices, therefore, does not apply. The Motion as to Count VI will be granted.

### D. Vey's unjust enrichment claim will be dismissed with prejudice.

At Count VII, Vey asserts a claim for unjust enrichment, alleging:

> 133. The Defendants have received significant revenues from the sales of these defective, dangerous[,] and unsafe Hunting Tree Stands, which posed an unreasonable or foreseeable and substantial risk of harm to consumers, including the Plaintiff, Howard J. Vey, Jr.
>
> 134. It is unjust to allow the Defendants to earn revenues and retain the benefits and profits from the sale of these Hunting Tree Stands when the Plaintiff suffered serious injuries and damages as a result of the same Hunting Tree Stands, including but not limited to severe and permanent injuries and damages, pain, suffering, disability[] and impairment, loss of enjoyment of life, loss or reproductive health, loss of comfort, and economic damages.

(ECF No. 1, p. 26). This claim must be dismissed because unjust enrichment claims are not cognizable in the products liability context.

Courts in this circuit have dismissed unjust enrichment claims in products liability actions where plaintiffs in fact received and used the product they purchased. *See, e.g., Mazur v. Milo's Kitchen, LLC*, No. 12-1011, 2013 WL 3245203, *1, *10 (W.D. Pa. June 25, 2013) (dismissing claim on grounds that it "cannot be said" that benefit bestowed on defendants in form of profit from sale was wrongly secured because plaintiff "nevertheless purchased, received, and used the product"). Courts have also held that "[u]njust enrichment is not a substitute for failed tort claims in Pennsylvania, [] but, instead, will generally be used to imply quasi-contract liability." *Zafarana v. Pfizer Inc.*, 724 F. Supp. 2d 545, 560 (E.D. Pa. 2010); *see also Tatum v. Takeda Pharms. N. Am., Inc.*, No. 12-1114, 2012 WL 5182895, *1,*4, *5 (E.D. Pa. Oct. 19, 2012) (finding that alleged failure to warn about known risks associated with prescription medication did not state a claim for unjust enrichment because there was no allegation that defendants

7

"refused to provide a service or goods after [plaintiff] provided defendants with a benefit"). The Court holds that an unjust enrichment claim is not cognizable in a products liability action because the allegations required to plausibly plead such a claim are incompatible with the elements of tort claims premised on products liability. The Motion as to Count VII will be granted.

### IV.   CONCLUSION

For the reasons set forth above, the Court will deny Amazon's Motion with respect to Vey's claims for breach of express warranty. In all other respects, Amazon's Motion will be granted. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

__5/23/24__
Date