IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD J. VEY, JR. and
SUSAN VEY, husband and wife

        Plaintiffs,                                Civil Action No. 2:23-cv-02055-WSS

v.

AMAZON.COM;
ALLIANCE OUTDOOR GROUP, INC.
d/b/a X-STAND TREE STANDS;
SPORTSMAN'S GUIDE, LLC; &
SPORTSMAN'S GUIDE OUTLET, LLC,

        Defendants.

---

## STIPULATED PROTECTIVE ORDER

Upon the stipulation and agreement of Plaintiffs, Howard J. Vey, Jr. and Susan Vey (hereinafter "Plaintiffs") and Defendants, Amazon.com, Inc. (incorrectly pleaded as "Amazon.com"), Sportsman's Guide, LLC, and Sportsman's Guide Outlet, LLC (an improperly named defendant) (hereinafter, "Defendants"), as evidenced by the signatures of their respective counsel below:

**IT IS HEREBY ORDERED THAT** the documents, testimony, and other information Defendants produced in connection with this litigation that is designated "Protected Documents" as defined herein shall be subject to and governed by the terms of this Protective Order as set forth below:

1. The documents and other information to be produced by Defendants, may contain trade secrets, customer information, and other confidential research, development and commercial information owned by Defendants. Such information is hereafter referred to as "Confidential

1

Information." Any documents bearing Confidential Information are hereafter referred to as "Protected Documents."

2. Except as otherwise indicated below, all documents that Defendants designate as Confidential Information that are produced in this litigation shall be treated as Protected Documents and shall be given confidential treatment as described below. The burden of proving that a document contains Confidential Information is on the party producing the document.

3. Prior to designating any material as Confidential Information, the producing party must make a good faith determination that the material contains trade secret, customer information, confidential technical information, or other commercially sensitive information, the dissemination of which may damage the party's competitive position.

4. A Protected Document containing Confidential Information shall be designated and labelled with the following legend or something substantially similar to clearly advise of the confidential nature of the contents:

> CONFIDENTIAL: Subject to Protective Order in Case No. 2:23-cv-02055-WSS in the United States District Court for Western District of Pennsylvania

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, it shall be accompanied by a slip sheet bearing the confidentiality designation. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

5. Protected Documents shall not include:

  (a)   Advertising materials; or

  (b)   Materials which, on their face, show that they have been published by Defendants to the general public.

6. The inadvertent failure to designate any information as Confidential Information does not waive Defendants' claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by Defendants as soon as reasonably possible after learning of the disclosure and the document containing the Confidential Information shall thereafter be treated as Protected Documents subject to this Order.

7. Any document produced by Defendants which Plaintiffs contend was erroneously designated as Confidential Information shall nevertheless be treated as a Protected Document until either:

(a) Plaintiffs obtain written permission from Defendants to do otherwise; or

(b) Plaintiffs notify Defendants and all other parties of their objection to the designation in writing within 30 days of receiving the designation. This notice must identify each document that the Plaintiffs in good faith believe should not be designated as Confidential Information and provide a brief statement of the grounds for such belief. The parties shall then confer within 10 days after Plaintiffs' objection to the designation, unless the parties agree to a longer time. If the parties cannot resolve their differences, Plaintiffs shall have 14 days after the conference to file a motion to remove the designation. Plaintiffs shall treat the document as Protected Document unless and until the Court rules otherwise.

8. Protected Documents shall be produced by Defendants only to the attorneys for the parties to this case, or to individuals working in conjunction with those attorneys.

9. Protected Documents and material contained therein or derived therefrom shall not be used or shown, disseminated, copied, or in any way communicated to any person for any

purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided below, counsel for the parties to this case shall hold in confidence all Protected Documents and all material contained therein or derived therefrom.

10.    Except with the prior written consent of Defendants, or upon the further Order of this Court, the contents of any Protected Documents may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

(a)    Counsel of record in this action;

(b)    Employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

(c)    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

(d)    The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal;

(e)    Deposition and trial witnesses;

(f)    Experts and consultants retained by Plaintiffs or by the Defendants (as the case may be) whose assistance is necessary for the preparation or trial of this specific action; and

(g)    Individuals agreed upon by counsel for the parties.

11.    Before any Qualified Person is given access to any Protected Document or before such documents are delivered, exhibited or disclosed to any Qualified Person, or before any Qualified Person receives material contained in or derived from any Protected Documents, counsel for either the Plaintiffs or the Defendants (as the case may be) shall advise each Qualified Person

4

of the terms of this Order and shall give each Qualified Person a copy of this Order. Plaintiffs' counsel and counsel for Defendants shall keep records of all copies of each Protected Document distributed in whole or in part to any Qualified Persons in connection with this case.

12. Confidential Information may not be disclosed to persons under subparagraphs 10(e) or 10(f) until the receiving party has obtained a written acknowledgment from such person, in the form in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 10(e) or 10(f) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request.

13. Before any Qualified Person who is a competitor of Defendant Amazon.com, Inc. (or an employee of a competitor) is given access to any Protected Document, the party wishing to make such disclosure shall give at least 14 days notice in writing to Amazon.com, Inc. stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Order, a competitor of Amazon.com, Inc. means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

14. All persons receiving a Protected Document under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Protected Document. If a Protected Document is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or

person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of Defendants. Without prejudice to other rights and remedies of Defendants, the responsible party or person shall make every effort to retrieve the Protected Document and to prevent further disclosure.

15.     To the extent that any Protected Documents, information contained therein, or information derived therefrom, is used in connection with depositions, such documents or information shall remain subject to the provisions of this Order, together with the transcript pages of the deposition testimony dealing with the Protected Documents or information. If any protected document is used in connection with any deposition or marked as an exhibit at a deposition, the court reporter shall be informed of the terms of this Order, shall be required to proceed in a manner consistent with this Order, and the reporter shall separately label the confidential portion of the deposition transcript as such.

16.     Each document filed with the Court that is a Protected Document or that contains information obtained from a Protected Document shall be filed under seal consistent with the Court's procedures, and if required, in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action, the legend "Confidential Information Subject To Protective Order" and the following statement:

> This sealed envelope contains confidential information filed in this case and is not to be opened or the contents thereof displayed or revealed, except pursuant to the Order of the Court. This envelope shall not be opened without a court Order, except by court personnel or counsel of record who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

17.     Upon conclusion of this action by final judgment or settlement, all Protected Documents, all copies thereof, all information derived therefrom, and all excerpts therefrom shall be returned, or destroyed, within sixty (60) days by each Qualified Person possessing such

information to counsel for Defendant. This paragraph shall require, if not destroyed, the return of the original materials produced, together with all photocopies, duplicates, abstracts or reproductions of such materials to:

> Milton S. Karfis
> Clark Hill PLC
> 220 Park Street, Suite 200
> Birmingham, MI 48009

18.     No persons bound by this Order shall under any circumstances sell, offer for sale, trade or barter, offer for trade or barter, or give away, advertise or publicize either the contents of the Protected Documents or the fact that Defendants have produced confidential documents in connection with this litigation.

19.     The provisions of this Order shall survive termination of this litigation and continue to be binding upon all parties and all Qualified Persons. This Court shall retain and have jurisdiction over the parties, all Qualified Persons and any other recipients of Protected Documents for the purpose of enforcing the provisions of this Order, notwithstanding termination of this litigation.

20.     The terms and the existence of this Protective Order shall remain confidential and this Order shall not be disclosed or cited by any party hereto in connection with any other proceeding, except in connection with a motion seeking to enforce the provisions of this Order.

21.     The medical records of Plaintiffs either produced by Plaintiffs or obtained by Defendants pursuant to Subpoena in this litigation shall be treated as Protected Documents and shall be given confidential treatment as described in this Order.

DONE and ORDERED this the **20** day of **Febru** _____, 2025.

_____
William S. Stickman IV
United States District Judge

7

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by their respective counsel, that the foregoing Order is approved as to both form and substance and may be entered by the Court as an Order of the Court.

Dated: February 18, 2025.

LJK LAW, PLLC

/s/ *Louis J. Kroeck IV*
Louis J. Kroeck IV - PA ID #210045
1200 Sarah Street
Pittsburgh, PA 15203
T: (412) 712-7605
Lou@ljk-law.com

*Attorney for Plaintiffs*

CLARK HILL PLC

/s/ *Milton S. Karfis*
Milton S. Karfis, *Admitted Pro Hac Vice*
Steven D. Brock, Admitted Pro Hac Vice
220 Park Street, Ste. 200
Birmingham, MI 48009
T: (248) 642-9692
F: (248) 642-2174
mkarfis@clarkhill.com
sbrock@clarkhill.com

CLARK HILL PLC
Jessica D. Reilly – PA ID #324575
2001 Market Street, Suite 2620
Two Commerce Square
Philadelphia, PA 19103
T: 215-640-8500
jreilly@clarkhill.com

Kody S. Luczak – PA ID #326884
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
T: 412-394-7711
kluczak@clarkhill.com

*Attorneys for Defendant Sportsman's Guide, LLC & Amazon.com, Inc.*

8

## APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Pennsylvania on _____, 2025, in the case *Vey v. Amazon.com, et al.*, case number 2:23-cv-02055-WSS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to court-imposed sanctions or contempt. I promise that I will not disclose any information or documents that are subject to this Stipulated Protective Order except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purposes of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this case.

Printed name: _____

Physical address: _____

Mailing address: _____

Phone number: _____

Email Address: _____

Signature: _____

Date: _____